**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NORMAN L. SCOTT, SR., <br><br> Plaintiff, <br><br> v. <br><br> THE CHILDREN'S HOSPITAL OF PHILADELPHIA, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> No. 25-13556 (KMW-SAK) <br><br> **MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Norman L. Scott, Sr.'s ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that his average monthly income is $2,200.00 and his average monthly expenses are approximately $475.00. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**WHEREAS,** the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted);

**WHEREAS,** the Court observes that pursuant to 28 U.S.C.A. § 1915(e)(2)(A), "the court *shall* dismiss the case at any time if the court determines that—(A) the allegation of poverty is

untrue," *id.*[1] (emphasis added); *see also Kachur v. WMC Mortg. Corp.*, No. 18-15111, 2018 WL 5634007, at *1 (D.N.J. Oct. 31, 2018) (dismissing the complaint *sua sponte* upon denial of *in forma* pauperis application where the court found that, "[c]onsidering Plaintiffs' monthly income, savings, and expenses, Plaintiffs ha[d] not established that they [could not] pay the costs of litigation."); and

**WHEREAS**, the Court notes that although a "person need not be absolutely destitute to proceed *in forma pauperis*," Plaintiff must nonetheless "establish that he is unable to pay the costs of his suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**WHEREAS**, here, the Court finds that Plaintiff's monthly income, savings, and expenses fail to establish that Plaintiff cannot pay the costs of litigation;

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown, Plaintiff's IFP application is **DENIED** without prejudice. An order consistent with this Opinion will be entered.

Dated: August 14, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court does not screen the Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B), the Court notes that to the extent Plaintiff seeks relief based on arguments raised by counsel in the course of litigation, the litigation privilege bars liability for such claims. *See Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009) (noting the litigation privilege ensures that "[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability."). Should Plaintiff pay the filing fee or demonstrate his entitlement to proceed IFP, the Court would then evaluate the merits of Plaintiff's Complaint. *Kachur*, 2018 WL 5634007, at *1 n.1; *see* 28 U.S.C. § 1915(e)(2)(B).