**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NORMAN L. SCOTT, SR., <br><br> Plaintiff, <br><br> v. <br><br> THE CHILDREN'S HOSPITAL OF PHILADELPHIA, COOPER UNIVERSITY HEALTH SYSTEM, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> No. 25-13556 (KMW-SAK) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Norman L. Scott, Sr.'s ("Plaintiff") Motion for Reconsideration and Amended Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 5) pursuant to 28 U.S.C. § 1915(a)(1); and

**WHEREAS**, "[i]t is well settled that a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and/or Local Civil Rule 7.1(g) is 'an extremely limited procedural vehicle.'" *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F.Supp. 826, 831 (D.N.J. 1992)). "A court will grant a motion for reconsideration where 'dispositive factual matters or controlling decisions of law' were presented to the court but not considered." *Id.* (quoting *Pelham v. United States*, 661 F.Supp. 1063, 1065 (D.N.J. 1987)). "Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision, or the only apparent purpose for filing the motion is to assert the

reasons why the moving party disagrees with the court's decision." *Id.* (citing *see Carteret Sav. Bank, F.A. v. Shushan*, 721 F.Supp. 705, 709 (D.N.J. 1989)); and

**WHEREAS,** here, Plaintiff's Motion for Reconsideration does not allege the Court wrongly applied the law or overlooked any relevant facts of record, but in fact acknowledges that his "original IFP application omitted certain financial information," which was "an inadvertent oversight" on *Plaintiff's* behalf, (*see* Motion for Reconsideration, Dkt. No. 5 at 1-2); and

**THE COURT NOTING** that, having reviewed Plaintiff's Amended IFP Application, Plaintiff declares that his average monthly income is $2,200.00 and his average monthly expenses are approximately $2,600.00. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**WHEREAS,** here, the Court finds that Plaintiff's monthly income, savings, and expenses as set forth in his Amended IFP Application establish that he cannot pay the costs of litigation; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court **GRANTS** the IFP application. The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

**WHEREAS,** Plaintiff commenced this action against Defendant The Children's Hospital of Philadelphia ("CHOP") and Cooper University Healthcare ("Cooper") for civil conspiracy, retaliation, tortious interference with an economic opportunity, and for alleged "Misuse of judicial estoppel to defeat Plaintiff's valid discrimination claims," (Complaint, Dkt. No. 1 at 6, 8); and

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

2

**WHEREAS**, Plaintiff alleges that this action arises from another lawsuit he filed against CHOP wherein CHOP "falsely accused" Plaintiff of bringing recording devices into the workplace, and filed a motion for summary judgment based on judicial estoppel related to a bankruptcy proceeding. (Compl., at 7.). Plaintiff alleges that he subsequently applied for employment at Cooper and, when rejected, sued Cooper for alleged discrimination and retaliation, (*id.*); and

**WHEREAS**, Plaintiff alleges that during discovery in the Cooper lawsuit, Cooper indicated that it intended to file a motion for summary judgment based on judicial estoppel—mirroring CHOP's argument in the CHOP litigation—and referenced the same recording device allegation that "originated solely in the CHOP case." (*Id.*) Plaintiff avers that Cooper's knowledge of CHOP's "accusations and legal strategy" indicates "improper communication between defendants or their legal counsel," and that he believes "Cooper received confidential or nonpublic litigation information from CHOP, or jointly conspired to use such tactics to discredit Plaintiff." (*Id.*); and

**WHEREAS**, under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The pleading should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); and

**WHEREAS**, to plead a civil rights claim, a plaintiff must "stat[e] the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); and

**WHEREAS**, the anti-retaliation provision of Title VII prohibits an employer from discriminating against an employee who has "opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" related to the same. 42 U.S.C. § 2000e-3(a). To make out

a prima facie claim for retaliation under Title VII, a plaintiff must show: "(1) [that he engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015); and

**WHEREAS**, here, Plaintiff does not specifically identify the alleged "protected activity" in which he was engaged, *see id.*; and

**WHEREAS**, here, the Court finds that to the extent Plaintiff seeks relief pursuant to Title VII based on arguments raised by counsel in the course of litigation, the litigation privilege bars liability for such claims. *See Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009) (noting the litigation privilege ensures that "[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability."); and

**WHEREAS**, the Court finds that Plaintiff's conclusory assertion that CHOP shared undisclosed "confidential," "non-public litigation information" with Cooper is not plausibly alleged, as Plaintiff has failed to identify any basis for this belief or identified any records that were allegedly shared in violation of any confidentiality agreement or protective order prohibiting their distribution, (*see generally* Compl.); and

**THE COURT NOTING** that Plaintiff alleges that it was not until *after* Cooper denied him employment and Plaintiff sued Cooper, that Cooper allegedly coordinated with CHOP on litigation strategy. Thus, Cooper's rejection of Plaintiff's employment application could not have been an "adverse action" in "retaliation" for Plaintiff's lawsuit against it. Moreover, Plaintiff does not cite any provision of Title VII or other authority indicating that CHOP and Cooper's alleged

4

coordination regarding litigation strategy would itself constitute an "adverse action" proscribed by Title VII, *see Moore v. City of Philadelphia*, 461 F.3d 331, 342 (3d Cir. 2006) ("Many may suffer . . . harassment at work, but if the reason for that harassment is one that is not proscribed by Title VII, it follows that Title VII provides no relief."); and

**WHEREAS**, to constitute "protected activity," the employee must hold "an objectively reasonable belief, in good faith, that the activity [he] oppose[s]" violates the applicable anti-discrimination statute. *Moore*, 461 F.3d at 341; and

**WHEREAS**, Plaintiff brings his civil conspiracy claims pursuant to 42 U.S.C. § 1981, which prohibits all racial discrimination in making public and private contracts. *Runyon v. McCrary*, 427 U.S. 160, 168 (1976); *McGovern v. City of Philadelphia*, 554 F.3d 114, 120 (3d Cir. 2009) ("[T]he Supreme Court held that § 1981 prohibited intentional racial discrimination in private, as well as public, contracting"). Plaintiff's Complaint includes the conclusory allegation that "Defendants retaliated against Plaintiff by coordinating legal strategies designed to penalize him for exercising his civil rights and filing EEOC complaints." (Compl., at 8.) Plaintiff's Complaint does not contain any allegations concerning whether he ultimately filed an EEOC complaint, when, against whom, or the basis of those complaints. (*See generally id.*); *see Evancho*, 423 F.3d at 353. Nor does Plaintiff allege whether he held "an objectively reasonable belief, in good faith, that the activity [he] oppose[d]" in his alleged EEOC complaints and civil rights lawsuits violated the applicable anti-discrimination statutes. *See Moore*, 461 F.3d at 341; and

**WHEREAS**, the Third Circuit has held that "[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997); and

5

**THE COURT FINDING** that Plaintiff's failure to plead that he exhausted administrative remedies by filing an EEOC complaint alone is sufficient to dismiss Counts I and II of Plaintiff's Complaint for retaliation in violation of Title VII and conspiracy to commit same, *see id.*; and

**WHEREAS**, to state a claim for tortious interference with prospective economic advantage under New Jersey law, a plaintiff must allege: "(1) a plaintiff's existing or reasonable expectation of economic benefit or advantage; (2) the defendant's knowledge of that expectancy; (3) the defendant's wrongful, intentional interference with that expectancy; (4) the reasonable probability that the plaintiff would have received the anticipated economic benefit in the absence of the interference; and (5) damages resulting from the defendant's interference." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1167 (3d Cir. 1993); and

**THE COURT FINDING** that, here, Plaintiff has failed to plausibly allege a reasonable probability that he would have received an anticipated economic benefit—*i.e.*, an offer of employment from Cooper—in the absence of wrongful, intentional interference by one of the Defendants. *See id.* Nor has Plaintiff plausibly alleged an underlying wrong committed by Defendants. *See Rickenbach*, 635 F. Supp. 2d at 401. Accordingly, the Court finds that Count III of Plaintiff's Complaint for Tortious Interference is subject to dismissal for failure to state a claim, (*see* Compl., at 8); and

**WHEREAS**, Count IV of Plaintiff's Complaint alleges "abuse of process" and "misuse of judicial estoppel." (*Id.*) Plaintiff's "abuse of process" claim is based on his allegation that Defendants misused the doctrine of judicial estoppel to dismiss his discrimination claims. (*Id.*) "[B]asic to the tort of malicious abuse of process is the requirement that the defendant perform 'further acts' after issuance of process 'which represent the perversion or abuse of the legitimate purposes of that process.'" *Penwag Prop. Co., Inc. v. Landau*, 148 N.J. Super. 493, 499 (App. Div.

1977), *aff'd,* 76 N.J. 595 (1978). "In the absence of some coercive or illegitimate use of the judicial process there can be no claim for its abuse." *Id.*; and

**WHEREAS**, Plaintiff's Complaint contains no allegations identifying which court(s) his related actions against Defendants are pending before; and

**THE COURT FINDING** that, here, Plaintiff does not allege any conduct by Defendants wherein they abused judicial process. *See Penwag Prop. Co., Inc.*, 148 N.J. Super. at 499. The Court further notes that, to the extent Plaintiff seeks to appeal or challenge any previous unfavorable state court rulings through federal litigation, this Court lacks subject-matter jurisdiction to grant that relief. *See Gochin v. Haaz*, 724 F. App'x 155, 158 (3d Cir. 2018); *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (setting standards for the application of the *Rooker-Feldman* doctrine). To the extent Plaintiff seeks to challenge the application of judicial estoppel by another court of this District, Plaintiff's recourse was to the U.S. Court of Appeals for the Third Circuit —not this Court. *See United States v. Foy*, 803 F.3d 128, 134 (3d Cir. 2015) (holding a district court has jurisdiction over a Rule 60 motion "seeking relief from a judgment because the court will have ancillary jurisdiction to consider a challenge to its own judgment or order," but noting district courts do not independently possess jurisdiction to consider challenges to the judgments or orders of other district courts); *see also* Fed. R. App. P. 3(a)(1) ("An appeal . . . from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk . . . .").

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

IT IS on this ⎵⎵ day of **December**, 2025, hereby:

**ORDERED** Plaintiff's Amended IFP application is **GRANTED**; and further

7

**ORDERED** Plaintiff's Motion for Reconsideration (Dkt. No. 5) is **DENIED as moot**; and further

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that if Plaintiff does not amend his Complaint within 30 days, the Clerk of Court is directed to close the case without further Order from the Court.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE